IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TARGET INTERACT US, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL JARED McBRIDE,<br><br>Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:16-cv-01194-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 5.) This case involves allegations of breach of contract and various business torts related to Defendant Michael Jared McBride's separation from employment with Plaintiff Target Interact US. (*See* ECF No. 2.) The matter is presently before the court on Defendant's "Motion for Leave to File Counterclaim Against Roger LeFevre and Consolidated Leasing Company." (ECF No. 12.)

## II. PARTIES' ARGUMENTS

Defendant argues that Roger LeFevre and Consolidated Leasing Company should be joined as parties to the present matter. Defendant argues Mr. LeFevre must be joined under Rule 19 as a plaintiff for purposes of Count XI, or at least as a counterclaim defendant, because Mr. LeFevre claims to own the stock at issue in Count XI of the Complaint. (ECF No. 12 at 4.) Alternatively, Defendant requests the court permit Defendant to join Mr. LeFevre under Rule 20. (*Id.* at 5.) Defendant argues Consolidated Leasing should be joined as a counterclaim defendant because it held title to a vehicle that is the subject of Defendant's wrongful repossession claim. Defendant

argues joinder is proper under Rules 19 and 20 because "Consolidated Leasing was a party to the financing arrangement as the security holder." (*Id.* at 6.)

Plaintiffs argue Mr. LeFevre should not be joined as a plaintiff because he is not necessary as defined by Rule 19 and because Rule 20 does not allow for involuntary joinder of plaintiffs. (ECF No. 17 at 7.) Plaintiffs next argue Mr. LeFevre should not be joined as a necessary counterclaim defendant because he acted merely as an officer of Plaintiffs, not in a personal capacity. (*Id.* at 8–9.) Plaintiffs contend Mr. LeFevre should not be permissively joined as a counterclaim defendant because his joinder will cause delay and prejudice to the existing parties. Plaintiffs also argue that Consolidated Leasing should not be joined under Rules 19 and 20 because Consolidated Leasing was not a party to the contract governing the lease, is not needed to afford complete relief, and its joinder needlessly complicates the case. (ECF No. 17 at 4–6.)

### III. ANALYSIS

#### a. Mr. LeFevre is a necessary party

"A person . . . must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest. Fed. R. Civ. P. 19(a)(1).[1] Here, Count XI of Plaintiffs' Complaint seeks a declaration that Defendant does not own certain equity in "the VITAL BGS companies." (ECF No. 2 at 27.) Mr. LeFevre claims to own this equity, or at least claimed at one time to own it. (*See* ECF No. 2, Ex. 5) ("I am hereby

---

[1] Rule 19 also requires the person be subject to service of process and that their joinder not deprive the court of subject-matter jurisdiction. Fed. R. Civ. P. 19(a)(1). Plaintiffs do not suggest either of these requirements precludes Mr. LeFevre's joinder.

granting you 25% of the value of **my** Net Equity . . . .") (emphasis added).² Thus, the court concludes that Mr. LeFevre claims an interest in the subject equity and disposing of this action may impair his ability to protect that interest.

Plaintiffs' arguments reflect a misunderstanding similar to one held by the plaintiffs in *Davis v. U.S.*: "Plaintiffs' narrow interpretation of the term 'legally protected interest' inappropriately presupposes Plaintiffs' success on the merits." 192 F.3d 951, 958 (10th Cir. 1999). Here, Plaintiffs believe that Mr. LeFevre has no interest in this matter because they ask the court only to declare Defendant has no right to the equity. They appear to conclude that this means only Defendant's rights are at issue. Plaintiffs fail to consider the implication of losing this claim. If the court sides with Defendant and concludes that he has some right to the equity, this decision will impair Mr. LeFevre's claimed interest in the equity. Additionally, any doubt of Mr. LeFevre's necessity is resolved by Defendant's counterclaim seeking a declaration that he owns Mr. LeFevre's shares. (ECF No. 12, Ex. 1 at 6.) This will affect the interest Mr. LeFevre asserted in his email. Thus, Mr. LeFevre must be joined as a plaintiff and counterclaim defendant. Given the court's conclusion, it does not address the parties' Rule 20 arguments related to Mr. LeFevre.

    b. **Consolidated Leasing**

Defendant's reply focuses on Consolidated Leasing's joinder under Rule 20 rather than Rule 19. Accordingly, the court will begin with an analysis under Rule 20.

Defendants may be joined under Rule 20 if a claim "is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all

---

² Based on this language, the court easily rejects Plaintiff's contention that Mr. LeFevre was acting on behalf of the entities when he purported to transfer the equity at issue because he used terms like "I" and "my" when executing the transaction. (*See* ECF No. 17, Ex. 5.)

defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, Defendant alleges that Consolidated Leasing, with Plaintiff Target Interact, and Mr. LeFevre wrongfully repossessed the vehicle at issue. This single claim will have questions of law and fact common to Plaintiff Target Interact, Mr. LeFevre, and Consolidated Leasing. Primarily, there appears to be a question of which of these counterclaim defendants took the purportedly wrongful actions. Accordingly, the court finds Consolidate Leasing's joinder appropriate under Rule 20.

Next, Plaintiffs make several arguments that appear to go to the merits of Defendant's claim, but the court finds such arguments premature. Finally, Plaintiffs' argument that Consolidated Leasing's joinder will cause delay and prejudice is conclusory. Plaintiffs appear to question Defendant's motive for joining an additional entity, but the proposed counterclaim identifies the motive. Defendant believes that this entity, which shares common control with Plaintiffs, was involved in the alleged wrongful repossession. Accordingly, the court is persuaded that Consolidated Leasing should be joined as a counterclaim defendant.

## IV. ORDER

Based on the foregoing, the court **GRANTS** Defendant's "Motion for Leave to File Counterclaim Against Roger LeFevre and Consolidated Leasing Company." (ECF No. 12.)

Mr. LeFevre will be joined as a plaintiff and as a defendant to the counterclaim. Consolidated Leasing will be joined as a defendant to the counterclaim. Finally, Defendant may file his counterclaim within fourteen days of this order.

Dated this 10th day of April 2017.     By the Court:

_____
Dustin B. Pead
United States Magistrate Judge