IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TARGET INTERACT US, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL JARED McBRIDE,<br><br>Defendant. | RULING & ORDER<br><br>Case No. 2:16-cv-01194-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 5.) The matter is presently before the court on Defendant's Short-Form "Motion Regarding Subpoena to JP Morgan Chase Bank." (ECF No. 26.)

## II. ANALYSIS

Defendant asks the court to quash a proposed subpoena seeking his account records from JP Morgan Chase Bank. Defendant argues that discovery into personal finances is generally disallowed and that Plaintiffs are engaging in a "fishing expedition." (ECF No. 26.)

Plaintiffs argue that the financial information they seek will allow them to determine whether Defendant received payment from Plaintiffs' clients, former clients, prospective clients, or representatives of the same. (ECF No. 27.) Plaintiffs argue such information is potentially relevant to their claims for misappropriation of trade secrets, and breach of non-circumvent and non-competition agreements. After conferring with opposing counsel, Plaintiffs agreed to limit the information sought to certain deposit information, excluding debits and account balances. (*Id.*, Ex. 1.) Plaintiffs also argue there is no blanket prohibition on financial discovery.

The court will deny Defendant's motion. First, there is no blanket rule prohibiting discovery of personal financial information. Defendant cites a case from the District of New Mexico to support this argument. *See Olivo v. Crawford Chevrolet, Inc.*, Civil No. 10-782, 2011 WL 13137327 (D.N.M. Aug. 29, 2011). *Olivo* only recognizes that the need for discovery of financial records must be balanced against any relevant privacy interests and the needs of the case laid out in Rule 26. *See id.* This unremarkable statement is true of any discovery sought. It is clear the District of New Mexico was only speaking broadly because it cited cases dealing with privacy interests applicable to birth control and military secrets. Thus, Defendant cites no rule that disfavors financial discovery. Instead, discovery of such matters is governed by Rule 26.

Second, the discovery Plaintiffs seek here is relevant and proportional. Plaintiffs demand production of deposit information for a narrow timeframe (September 1, 2016, through February 28, 2017) to determine whether their clients made payments to Defendant. This information is relevant, nonprivileged, and proportional to the needs of this case. Plaintiffs will be allowed to serve the proposed subpoena. (ECF No. 27, Ex. 1.)

### III. ORDER

Based on the foregoing, the court **DENIES** Defendant's Short-Form "Motion Regarding Subpoena to JP Morgan Chase Bank." (ECF No. 26.) Plaintiffs may immediately serve the subpoena in the form included as an exhibit to their opposition.

Dated this 10th day of April 2017.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge